**Jennifer L. SENKO, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security Administration, Defendant–Appellee.**

No. 07–35010.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2008.\*

Filed May 22, 2008.

R.App. P. 34(a)(2).

William O. Bronson, Esq., Alexander Baucus Paul & Young, Great Falls, MT, for Plaintiff–Appellant.

George F. Darraugh, Jr., Esq., USGF— Office of the U.S. Attorney, Great Falls, MT, for Defendant–Appellee.

\*\* The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

Before: BEA and M. SMITH, Circuit Judges, and HOOD,\*\* Senior District Judge.

### MEMORANDUM \*\*\*

Plaintiff-appellant Jennifer Senko ("Senko") appeals the district court's ruling affirming the Administrative Law Judge's ("ALJ") determination that Senko was not entitled to Social Security disability benefits. Because the parties are familiar with the facts, we do not recite them here except as necessary to explain our decision.

We review *de novo* the district court's decision affirming the ALJ's decision and will uphold a denial of benefits if the ALJ "applied the correct legal standards and substantial evidence supports the decision." *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Senko first claims that the ALJ misinterpreted and ignored some of Dr. Peter Stivers's findings. To the contrary, the ALJ specifically discussed Dr. Stivers's report, found it was consistent with other evidence in the record, and incorporated Dr. Stivers's findings as to Senko's limitations in his assessment of Senko's residual functional capacity ("RFC").

Next, Senko contends that Dr. Kuka's assessment cannot be used to justify an "essentially unrestricted" return to light work. The ALJ limited Senko to performing simple, repetitive work in a quiet envi-

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ronment. Dr. Kuka's opinion supports these limitations.

Senko also argues that it was error for the ALJ to fail to consider Dr. Buxton's findings. Any error was harmless. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005) ("A decision of the ALJ will not be reversed for errors that are harmless."). Dr. Buxton's evaluation did not contain any additional medical impairments or conclusions that the ALJ did not consider in making his findings.

We also find that the ALJ did not err in rejecting the opinion of treating psychiatrist Dr. Gad. Even assuming Dr. Gad's opinion was not contradicted, the ALJ gave several "clear and convincing" reasons for rejecting Dr. Gad's opinion. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995) ("[W]here the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons"). These include: (1) Dr. Gad saw Senko on only a limited basis every three or four months for medication refills; (2) Dr. Gad's office notes lacked specific findings or a basis for any diagnosis; (3) Dr. Gad's opinions were not supported by his treatment notes; (4) Dr. Gad's office notes from August 2003 and December 2003 showed that Senko was doing well on her medications; (5) Dr. Gad provided no testing of Senko's cognitive functioning or memory; (6) Dr. Gad's statements appeared to be based on Senko's subjective complaints and sympathy to her repeated complaints that she was having problems getting on disability, not based on objective medical evidence; and (7) Dr. Gad's opinion was not supported by other evidence in the record.

We are also unpersuaded by Senko's argument the ALJ failed properly to consider letters from her former employer and from the Montana Department of Public Health and Human Services, Vocational Rehabilitation. "[I]n interpreting the evi-dence and developing the record, the ALJ does not need to discuss every piece of evidence." *Howard ex. rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir.2003) (internal quotation marks omitted). The limitations mentioned in the letter from Senko's former employer are fully consistent with the ALJ's assessment of Senko's RFC. The letter from the state agency was not based on objective medical evidence and did not add any significant weight to the argument that Senko was disabled.

In some circumstances the ability to obtain a job, but inability to maintain that job for a significant period of time, does not constitute substantial gainful activity. *See Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690, 694 (9th Cir.1999) (finding that claimant was unable to engage in substantial gainful activity where it was undisputed that he likely could not maintain any single job for longer than two months). However, Senko worked at the majority of her jobs for a significant period of time. She held two of her three most recent jobs for over a year, one of which she held for nearly two years. *See Tylitzki v. Shalala*, 999 F.2d 1411, 1415 (9th Cir.1993) ("[A] series of jobs would constitute substantial gainful activity when they are of significant duration as under the terms of the ALJ's hypothetical [i.e., 11 months].").

We conclude that substantial evidence supported the ALJ's findings as to Senko's residual functional capacity.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**